Gregory D. Miller
Nancy A. Del Pizzo
**RIVKIN RADLER LLP**
21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, New Jersey 07601
P: (201) 287-2460
F: (201) 489-0495

*Attorneys for Defendants I Sleep Management, LLC,
Dimitry Kargman, Dr. Abe Bushansky, Michael Smolyar
and Dr. Chitoor Govindaraj*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AT HOME SLEEP SOLUTIONS, LLC and MICHAEL DOBLIN, DDS, <br><br> *Plaintiffs*, <br><br> v. <br><br> iSLEEP MANAGEMENT, LLC d/b/a iSLEEP PROGRAM; DIMITRY KARGMAN; DR. ABE BUSHANSKY; DR. CHITOOR GOVINDARAJ; MICHAEL SMOLYAR, DOES #105, <br><br> *Defendants*. | Civil Action No. <br><br> **NOTICE OF REMOVAL** |

TO:   THE HONORABLE JUDGES OF
      THE UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF NEW JERSEY

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1441(a) and §1446(a), defendants I Sleep Management, LLC ("ISLEEP"), Dimitry Kargman ("Kargman"), Dr. Abe Bushansky ("Dr. Bushansky"), Michael Smolyar ("Smolyar"), and Dr. Chitoor Govindaraj ("Dr. Govindaraj") (collectively, "Removing Defendants"), by and through their attorneys, Rivkin Radler LLP, hereby remove this action (the "Action") from the Superior Court of New Jersey,

1

Bergen County, Law Division to the United States District Court for the District of New Jersey. In support of this Notice of Removal (the "Notice"), Removing Defendants respectfully state as follows:

## Procedural Background

1. Plaintiff commenced the Action (*At Home Sleep Solutions, LLC and Michael Doblin, DDS v. iSleep Management, LLC d/b/a iSleep Program; Dimitry Kargman; Dr. Abe Bushyansky; Dr. Chitoor Govindaraj; Michael Smolyar, Does #1-5*) by filing its Complaint and Jury Demand (the "Complaint") on or about May 30, 2017 in the Superior Court of New Jersey, Bergen County, Law Division (Docket No.: BER-L-3720-17).

2. A copy of the Complaint is annexed hereto as **Exhibit A**.

3. The Complaint was transmitted to Removing Defendants solely via certified mail and received on or about June 8, 2017 along with: (i) a Summons; and (ii) Civil Case Information Statement; and, (iii) Track Assignment Notice (collectively, the "Complaint Materials," copies of which are annexed hereto as **Exhibit B**).

4. The Complaint and Complaint Materials constitute all of the pleadings, filings, and orders in the Action. *See* 28 U.S.C. § 1446(a).

5. Removing Defendants consent to this removal.

## Removal Of The Action Is Timely

6. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is filed within 30 days of the first notice to the Removing Defendants of this Action. *See* 28 U.S.C. § 1446(b)(1)("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .").

**This Court Has Subject Matter Jurisdiction Over The Action**

7. This Court has original jurisdiction over the Action pursuant to 28 U.S.C. §1332(a). Therefore, this Action is properly and appropriately removed to this Court pursuant to 28 U.S.C. §1441(a) because it is a civil action wherein (1) complete diversity of citizenship exists among the parties; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Defendant ISLEEP is incorporated in the State of New York and its principal place of business is at 147 West 116th Street, New York, New York 10026. Thus, ISLEEP is a citizen of the State of New York. The Complaint alleges that ISLEEP has an office in the State of New York. (*See* Ex. A (Complaint) at ¶3).

9. Defendant Kargman is an individual and the president of ISLEEP, as alleged in the Complaint. Kargman resides at 2122 Royce Street, Brooklyn, New York 11234, and, therefore, is a resident and domiciliary of the State of New York. (*See* Ex. A (Complaint) at ¶3). Thus, he is a citizen of the State of New York.

10. Defendant Smolyar is an individual and vice-president of ISLEEP as alleged in the Complaint. (*See* Ex. A (Complaint) at ¶3). Smolyar resides at 700 Sherwood Street, North Woodmere, New York 11581 and, therefore, is a resident and domiciliary of the State of New York. Thus, he is a citizen of the State of New York.

11. Defendant Dr. Bushansky is an individual and a dental biller at ISLEEP. Dr. Bushansky resides at 98-25 64th Road, Apt. 5H, Rego Park, New York, New York 11374 and, therefore, is a resident and domiciliary of the State of New York. Thus, Dr. Bushansky is a citizen of the State of New York.

12. Defendant Dr. Govindaraj is an individual who resides at 370 Ocean Terrace, Staten Island, New York 10301, and therefore, is a resident and domiciliary of the State of New York. Thus, Dr. Govindaraj is a citizen of the State of New York.

13. Kargman and Smolyar are the managing members of ISLEEP with a 98-percent interest. The remaining members of ISLEEP are private investors, which hold an 8-percent interest, and all reside in New York.

14. Plaintiff, At Home Sleep Solutions, LLC ("At Home") is a New Jersey Limited Liability Company with its principal place of business at 26-07 Broadway, Fairlawn, New Jersey 07410. (*See* Ex. A (Complaint) at opening paragraph and ¶1). Upon information and belief, each of At Home's members are domiciled in and citizens of the State of New Jersey, and none of its members are domiciled in and/or citizens of the State of New York.

15. Plaintiff Michael Doblin, DDS, is a dentist licensed to practice in the State of New Jersey, with an address at 26-07 Broadway, Fairlawn, New Jersey 07410, and is an owner of At Home. (*See* Ex. A (Complaint) at opening paragraph and ¶1).

16. Therefore, there is complete diversity of citizenship between Plaintiffs and Defendants.

17. Plaintiffs have not specified the precise monetary damages they seek in the Complaint but that they seek recovery of penalties in excess of $540,000.00. (*See* Ex. A (Complaint) at ¶¶8, 19, 24). Even if Plaintiffs had not specified a precise amount of monetary damages, a Notice of Removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" in a "short and plain" statement without any need for "evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014).

18. Removing Defendants deny that Plaintiffs have suffered any damages and/or otherwise have any basis to recover any damages from any of them whatsoever based on the allegations in the Complaint or otherwise. In any event, as pled, the Complaint has placed into controversy the sum of $75,000 or greater so as to satisfy the amount in controversy threshold pursuant to 28 U.S.C. §1446(a). By way of example and illustration only:

    a. In the Complaint, Plaintiffs allege they were required by Horizon Blue Cross and Blue Shield of New Jersey ("Horizon") to disgorge "all claims paid to" it and "further assessed. . . penalties in excess of $540,000.00," and that "Plaintiffs have suffered damage by being penalized by Horizon for Defendants' wrongful actions." (*See* Ex. A (Complaint), ¶¶8, 19)

    b. Also, Plaintiffs broadly seek an award for "compensatory, consequential and punitive damages." (See Ex. A (Complaint), pages 4 – 11).

19. While Removing Defendants deny all of the allegations asserted against them in the Complaint, solely for purposes of demonstrating this Court's subject matter jurisdiction over the Action, according to the allegations in the Complaint, the amount in controversy is $75,000 or greater.

20. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

21. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

22. Upon filing this Notice, Removing Defendants shall give written notice of same to counsel for all other named parties to the Action, and shall file a copy of this Notice with the Clerk, Superior Court of the State of New Jersey, Bergen County, Law Division.

23. By filing this Notice, Removing Defendants do not waive any of their respective or collective defenses and/or claims with respect to the allegations in the Complaint, service of process, and/or otherwise, all of which are expressly reserved.

WHEREFORE, Removing Defendants hereby remove the above-captioned Action now pending against them in the Superior Court of the State of New Jersey, Bergen County, Law Division, to the United States District Court for the District of New Jersey, wherein it shall proceed as if originally commenced in this Court.

Dated: June 29, 2017

                                          Respectfully submitted,

                                          s/ Gregory D. Miller
                                          Gregory D. Miller
                                          Nancy A. Del Pizzo
                                          **RIVKIN RADLER LLP**
                                          21 Main Street, Suite 158
                                          Court Plaza South, West Wing
                                          Hackensack, New Jersey 07601
                                          P: (201) 287-2460
                                          F: (201) 489-0495

                                          *Attorneys for Defendants I Sleep Management,*
                                          *LLC, Dimitry Kargman, Dr. Abe Bushansky,*
                                          *Michael Smolyar and Dr. Chitoor Govindaraj*

3736471