# EXHIBIT A

Harry Jay Levin ID#020331983
LEVIN CYPHERS
700 Hooper Avenue
Toms River, New Jersey 08753
(732) 240-0909
Attorneys for Plaintiffs

SUPERIOR COURT BERGEN COUNTY
FILED

MAY 30 2017

DEPUTY CLERK

| | | |
|---|---|---|
| AT HOME SLEEP SOLUTIONS, LLC and MICHAEL DOBLIN, DDS, | : | SUPERIOR COURT OF NEW JERSEY BERGEN COUNTY LAW DIVISION |
| Plaintiff, | : | |
| v. | : | DOCKET NO. BER-L-3720-17 |
| iSLEEP MANAGEMENT, LLC d/b/a: iSLEEP PROGRAM; DIMITRY KARGMAN; DR. ABE BUSHANSKY; DR. CHITOOR GOVINDARAJ; MICHAEL SMOLYAR; DOES #1-5, | : | Civil Action **COMPLAINT AND JURY DEMAND** |
| Defendants. | : | |

The Plaintiffs, AT HOME SLEEP SOLUTIONS, LLC and MICHAEL DOBLIN, DDS,

with an address of 26-07 Broadway, Fairlawn, New Jersey 07410, by way of Complaint against

the Defendants, i SLEEP MANAGEMENT, LLC d/b/a iSLEEP PROGRAM, DIMITRY

KARGMAN, DR. ABE BUSHANSKY, DR. CHITOOR GOVINDARAJ, and MICHAEL

SMOLYAR, with an office of 147 W. 116th Street, New York, New York 10026 say:

## FACTS

1.      Plaintiff, Dr. Michael Doblin ("Plaintiff" or "Doblin"), a dentist licensed to

practice in the State of New Jersey, is the owner of Plaintiff, At Home Sleep Solutions, LLC (At

Home), which provides services to persons suffering from Obstructive Sleep Apnea, a sleep

disorder in which the person stops breathing for at least 10 seconds each hour during sleep.

1

2.      With the results from the sleep test, Plaintiff uses the CPAP alternative, oral appliance therapy, which is an oral device used to treat Obstructive Sleep Apnea.

3.      Defendant, iSleep Management, LLC d/b/a iSleep Program (iSleep) with the support and assistance of Defendant, Dimitry Kargman, the President and Managing Partner of the company, Defendant, Dr. Abe Bushansky, C.O.O. of the company, Defendant, Dr. Chitoor Govindaraj, practicing physician of the company, and Michael Smolyar, Vice President of Technical Operation of the company represented themselves at numerous venues in New Jersey as experts in the field of sleep apnea to solicit Plaintiff's business for their billing services. At these venues, many of which Plaintiff attended, the Defendants sponsored courses given by many well known dentists and doctors in the field of Dental Sleep Medicine.

4.      In reliance on Defendants' represented expertise in the area of sleep apnea, At Home and Doblin entered into an agreement with Defendants to perform all steps for billing associated with the submission by At Home to Horizon Blue Cross and Blue Shield of New Jersey ("Horizon") of Horizon patient claims to diagnose and treat sleep apnea.

5.      Upon submission of the claims, Horizon paid At Home for the patient care, including the diagnosis and provision of the medically necessary prosthesis or oral device commonly referred to as a "sleep aid" to be worn by the patients to address the diagnosis of sleep apnea.

6.      iSleep, Kargman and Dr. Bushansky promised and represented that they would, in conformity with the laws and regulations of the State of New Jersey and the requirements of Horizon, perform any and all steps necessary to properly and legally document all activities in support of At Home submitting Horizon's patients' claims for payment to At Home.

2

7.      As a result of an investigation and audit of At Home's records, Horizon's investigation experts identified that the documentation prepared by iSleep and presented to At Home, was erroneous, false and fraudulent.

8.      As a consequence of the audit and investigation by Horizon, At Home was deemed to have submitted false and misleading claims. Horizon required disgorgement of all claims paid to At Home and further assessed At Home substantial penalties in excess of $540,000.00.

9.      As a direct consequence of the violation of Horizon's practices and policies, At Home's status as a provider was suspended. Horizon refused to honor any of the At Home claims for payment resulting in significant financial and reputational damage to At Home.

10.      iSleep represented and warranted that its documentation, including the patient's examination by a licensed physician, namely Dr. Govindaraj, was performed when, in fact, it was not. At no time did a physician actually examine At Home or Doblin's patients as iSleep represented had occurred.

11.      iSleep identified, Defendant, Dr. Govindaraj as the examining physician and that was a misrepresentation, as he never examined any patient.

12.      iSleep and/or Dr. Govindaraj submitted documents, including medical prescriptions falsely alleging that the diagnosis of sleep apnea and the fitting of an oral device were medically necessary.

13.      The Defendants represented that 100% of the patients suffered from sleep apnea and required the oral device.

14.      The Defendants represented that, all of the documents and efforts associated with the claims were valid, when, in fact, they were not.

3

## COUNT ONE – FRAUDULENT MISREPRESENTATION

15.     Plaintiffs restate the allegations of Paragraphs 1-14 of the Complaint as if more fully set forth herein.

16.     Defendants promised and represented that they would, in conformity with the laws and regulations of the State of New Jersey and the requirements of Horizon, perform any and all steps necessary to properly and legally document all activities in support of At Home submitting Horizon's patients claim for payment to At Home.

17.     Plaintiffs relied on those representations and retained the services of Defendants, as Plaintiffs were in need of assistance with the providing of medical care and in the handling and submitting of claims to Horizon.

18.     Defendants made those false representations to Plaintiff, with the intent that Plaintiffs rely thereon and retain the services of Defendants, which was to the benefit of the Defendants and the detriment of the Plaintiffs.

19.     By intentionally failing to examine patients while representing that examinations took place, and otherwise failing to perform, then submitting claims to Horizon for payment based on the false information, without the knowledge of the Plaintiffs, Defendants committed fraud and Plaintiffs have suffered damage by being penalized by Horizon for Defendants' wrongful actions.

**WHEREFORE**, Plaintiff demands Judgment against the Defendants in the form of the following:

a.     Compensatory, consequential and punitive damages;

b.     Interest;

c.     Attorney's fees;

4

d.      Costs of suit; and

e.      Such other relief as this Court deems equitable and just.

## COUNT TWO – NEGLIGENT MISREPRESENTATION

20.      Plaintiffs restate the allegations of Paragraphs 1-19 of the Complaint as if more fully set forth herein.

21.      Defendants promised and represented that they would, in conformity with the laws and regulations of the State of New Jersey and the requirements of Horizon, perform any and all steps necessary to properly and legally document all activities in support of At Home submitting Horizon's patients claim for payment to At Home.

22.      Plaintiffs relied on those representations and retained the services of Defendants, as Plaintiffs were in need of assistance with the providing of medical care and in the handling and submitting of claims to Horizon.

23.      Defendants made representations to Plaintiff, with the intent that Plaintiffs rely thereon and retain the services of Defendants, which was to the benefit of the Defendants and the detriment of the Plaintiffs.

24.      By representing to Horizon that examinations of patients took place when, in fact, they did not, then submitting claims to Horizon for payment based on the unknowing false information, without the knowledge of the Plaintiffs, Defendants were negligent in their representations to Horizon and Plaintiffs have suffered damage by being penalized by Horizon for Defendants' wrongful actions.

**WHEREFORE**, Plaintiff demands Judgment against the Defendants in the form of the following:

5

a.      Compensatory and consequential damages;

b.      Interest;

c.      Attorney's fees;

d.      Costs of suit; and

e.      Such other relief as this Court deems equitable and just.

<u>**COUNT THREE – FRAUD IN THE INDUCEMENT**</u>

25.     Plaintiffs restate the allegations of Paragraphs 1-24 of the Complaint as if more fully set forth herein.

26.     Due to the failure of the Defendants to act in conformity with the laws and regulations of the State of New Jersey and the requirements of Horizon, by not examining patients of the Plaintiffs and recommending installation of oral devices, then submitting claims for payment to Horizon for payment without properly and legally documenting all activities, they committed fraud in the inducement, as Plaintiffs would not have retained the services of the Defendants had they been provided such information prior to the retention.

27.     As a direct and proximate result of the actions of the Defendants in fraudulently inducing the Plaintiff to retain Defendants services on the promise that Defendant would act in accordance with state and federal the laws, the Plaintiffs have been damaged.

**WHEREFORE**, Plaintiff demands Judgment against the Defendants in the form of the following:

a.      Compensatory, consequential and punitive damages;

b.      Interest;

c.      Attorney's fees;

6

      d.     Costs of suit; and

      e.     Such other relief as this Court deems equitable and just.

**COUNT FOUR – BREACH OF CONTRACT**

28.    Plaintiffs restate the allegations of Paragraphs 1-27 of the Complaint as if more fully set forth herein.

29.    Defendants breached the promises embodied in the their agreement with Plaintiffs by failing to act in conformity with the laws and regulations of the State of New Jersey and the requirements of Horizon, and perform any and all steps necessary to properly and legally document all activities in support of At Home submitting Horizon's patients claim for payment to At Home.

30.    As a direct and proximate result of the failure of Defendants breach of the agreement as aforesaid, Plaintiffs have suffered damage.

**WHEREFORE,** Plaintiffs demands Judgment against the Defendants in the form of the following:

      a.     Compensatory and consequential damages;

      b.     Interest;

      c.     Attorney's fees;

      d.     Costs of suit; and

      e.     Such other relief as this Court deems equitable and just.

**COUNT FIVE – BREACH FO THE COVENANT OF
GOOD FAITH AND FAIR DEALING**

31.    Plaintiffs repeat the allegations Paragraphs 1-30 of the Complaint as if more fully set forth herein.

7
