NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AT HOME SLEEP SOLUTIONS, LLC and MICHAEL DOBLIN, DDS, | |
| Plaintiffs, | Civ. No. 17-4801 (KSH) (CLW) |
| v. | |
| iSLEEP MANAGEMENT, LLC d/b/a iSLEEP PROGRAM, DIMITRY KARGMAN, DR. ABE BUSHANSKY, DR. CHITOOR GOVINDARAJ, DOES #1-5, | **OPINION** |
| Defendants. | |

**Katharine S. Hayden, U.S.D.J.**

## I.   Introduction

At Home Sleep Solutions, LLC ("At Home") and Michael Doblin sued iSleep Management, LLC ("iSleep") and iSleep employees Dimitry Kargman, Abe Bushansky (with iSleep, the "iSleep defendants"), and Chitoor Govindaraj in state court, asserting tort and contract claims based upon a contract for billing services. A notice of removal was filed on behalf of all defendants on grounds of diversity. (D.E. 27.) Motions to dismiss were filed by iSleep defendants and Govindaraj (D.E. 13 and 16), which At Home addressed by filing an amended complaint (D.E. 27). Before the Court now are the iSleep defendants' and Govindaraj's motions to dismiss the amended complaint. (D.E. 36 and 39.)

1

## II.    Factual Background

The amended complaint recites the following factual allegations.  Doblin, a licensed dentist in New Jersey, owns At Home, a dental practice specializing in medical services and treatment solutions for patients suffering from sleep apnea. (Am. Compl. ¶¶ 8, 9.)  iSleep provides billing services to medical providers. (*Id.* ¶ 9.)

At "numerous" New Jersey venues, many of which Doblin attended, the iSleep defendants and Govindaraj sponsored courses given by well-known dental sleep medicine professionals.  (*Id.*)  During these industry events, iSleep defendants and Govindaraj solicited At Home's business for iSleep's billing services, representing themselves as "experts in the field of sleep apnea" with the competence to submit legal, compliant patient claims on behalf of At Home.  (*Id.* ¶¶ 9, 12.)  In reliance on these representations, At Home entered into a service contract with iSleep under which iSleep agreed "to perform all steps" for submitting Horizon Blue Cross and Blue Shield of New Jersey ("Horizon") patient claims and billing.  (*Id.* ¶ 10.)

The service contract should have relieved At Home from burdensome administrative paperwork and yielded reimbursement payments from Horizon. Instead, At Home became the subject of an investigation and audit that Horizon initiated, after which Horizon concluded that the documentation prepared by iSleep was "erroneous, false, and fraudulent." (*Id.* ¶ 14.)  Most egregiously, according to the amended complaint, the claims falsely reported that Govindaraj physically

examined patients, diagnosed them with sleep apnea, and prescribed oral devices, when in fact he never examined At Home's patients. (*Id.* ¶¶ 18-20, 44-45.)

A flurry of punitive actions ensued: all claims previously paid out to At Home were ordered to be disgorged; Doblin was assessed penalties exceeding $540,000.00; and his status as a provider was suspended. (*Id.* ¶¶ 16, 17.) At Home asserts that these catastrophic losses and penalties flowed from iSleep's fraudulent business practices, which iSleep misrepresented to At Home from the very outset of the parties' relationship.

## III. Legal Standard

Defendants' motions to dismiss are brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true" to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A plausible claim is one that permits the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). While "[t]he plausibility standard is not akin to a 'probability requirement,'" it does "ask[] for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

At the pleading stage, the plaintiff does not bear the burden of establishing all the elements for a prima facie case, "but instead, need only put forth allegations

that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (internal quotation marks omitted). Fundamentally, the plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

## IV. Discussion

### A. Tort Claims

The first five counts of the amended complaint sound in tort.

#### 1. Counts 1-3: Fraudulent Misrepresentation

Count 1 asserts a fraudulent misrepresentation claim against iSleep and Kargman; Count 2 asserts a fraudulent misrepresentation claim against Bushansky; and Count 3 asserts a fraudulent misrepresentation claim against Govindaraj. The elements of a fraudulent misrepresentation claim include: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Konover Constr. Corp. v. E. Coast Constr. Servs. Corp.*, 420 F. Supp. 2d 366, 370 (D.N.J. 2006) (quoting *Gennari v. Weichert Co. Realtors,* 148 N.J. 582, 610 (1997)).

iSleep defendants argue that At Home fails to plead facts establishing element two, defendants' knowledge of the falsity of the representation. (D.E. 37, iSleep defendants' Br. in Support of MTD 19.) Govindaraj more broadly rejects the claim by arguing that At Home "does not allege <u>any</u> representation or promise to

4

Plaintiffs by Dr. Govindaraj, let alone a false representation . . . upon which Plaintiffs detrimentally relied." (D.E. 40, Govindaraj's Br. in Support of MTD 2.)

Govindaraj's argument relies on an inaccurate premise—that the complaint never asserts a representation by him. To the contrary, At Home asserts that *all* named defendants "represented themselves at numerous venues in New Jersey as experts in the field of sleep apnea to solicit [At Home's] business for their billing services," and that this representation precipitated At Home's reasonable reliance and its ultimate harm. (Am. Compl. ¶ 9.) At Home includes Govindaraj in that allegation, involving him in the overall fraudulent scheme pleaded in the amended complaint. The Court therefore analyzes the fraudulent misrepresentation claim as asserted against all named defendants.

The Court also finds that At Home has adequately pleaded the knowledge element. According to the amended complaint, defendants occupy the highly-regulated health insurance field. They sponsor industry events where they hold themselves out as experts in insurance billing services related to sleep apnea treatment and solicit the business of dentists practicing in this specialized area. But once hired by At Home and charged with the duty to submit insurance claims, defendants failed to submit legal, compliant claims, and went to the length of falsely representing that one of them actually examined At Home's patients. These allegations establish incompetent, substandard performance, and easily support the inference that defendants knew of the falsity of their representation as experts in this field. At best, the amended complaint demonstrates they were bumblers who

were reduced to correcting their incompetence with phony information; at worst, their assurances masked an intent to plump up claim submissions with whatever was necessary to satisfy the insurer's requirements. At Home has sufficiently pleaded the elements of fraudulent misrepresentation under the Rule 12(b)(6) standard.

Next, defendants argue that At Home fails to satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b), under which the plaintiff must "state with particularity the circumstances constituting fraud or mistake." This standard serves to "place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004) (citations omitted). The rule has been interpreted to require that plaintiffs "plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007); *see also Alpizar-Fallas v. Favero*, __ F.3d __, 2018 WL 5987140, at *6 (3d Cir. Nov. 15, 2018).

The Court finds At Home's fraudulent misrepresentation claims pass muster under Rule 9(b). The amended complaint presents a coherent narrative. The players include Kargman, president and managing partner of iSleep (Am. Compl. ¶ 9); Bushansky, iSleep's COO, who was tasked with executing the insurance claim submission process (*id.* at ¶¶ 9, 31); and Govindaraj, a practicing pulmonologist and iSleep employee, who was responsible for examining patients and determining

6

medical necessity for sleep apnea treatment (*id.* at ¶¶ 6, 9, 18).  At Home alleges

that defendants made representations at "numerous venues in New Jersey" that

iSleep had expertise in sleep apnea treatment billing services, prompting At Home

to enter into a service contract with iSleep.  (*Id.* at ¶¶ 9, 10.)  Further, At Home

details how iSleep's actual business practices led to Horizon's investigation of At

Home, and ultimately resulted in the damages At Home seeks in this lawsuit.  (*Id.*

at ¶¶ 14-22.)  The Court is satisfied that defendants have been put "on notice of the

precise misconduct with which [they are] charged;" thus, At Home has met Rule

9(b)'s heightened pleading requirements.

### 2.  Count 4—Negligent Misrepresentation against all Defendants

At Home asserts a claim for negligent misrepresentation against all

defendants, supported by the same allegations made under its fraudulent

misrepresentation claims.  iSleep defendants argue that At Home fails to plead the

reliance element and meet the particularity requirements of Rule 9(b).  (iSleep

defendants' Br. in Support of MTD 18-19.)  Govindaraj challenges At Home's

allegations as "conclusory and fragmented . . . without any basis for asserting such

claims against Dr. Govindaraj as distinct from iSleep Defendants."  (Govindaraj's

Br. in Support of MTD 6.)

To state a claim for negligent misrepresentation, a "[p]laintiff must allege

that 'defendant negligently provided false information and that plaintiff incurred

damages proximately caused by its reliance on that information.'"  *Marrin v.*

*Capital Health Sys., Inc.*, No. 14-2558, 2015 WL 404783, at *9 (D.N.J. Jan. 29, 2015)

(Wolfson, J.) (quoting *Highlands Ins. Co. v. Hobbs Grp., LLC.*, 373 F.3d 347, 351 (3d Cir. 2004)). Rule 9(b) heightened pleading requirements apply where the negligent misrepresentation claim "sounds in fraud." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 272–73 (3d Cir. 2006).

Since the Court found that At Home has sufficiently pleaded fraudulent misrepresentation against all Defendants, the Court likewise finds that the claim for negligent misrepresentation is adequately pleaded.

### 3. Count 5—Fraud in the Inducement against iSleep and Kargman

Count 5 asserts a fraudulent inducement claim against iSleep and Kargman on the same grounds as the fraudulent misrepresentation claim. At Home explicitly alleges that it would not have entered into the contract with iSleep but for defendants' consistent representations that iSleep could competently handle the insurance billing services. Further, the Court has determined that At Home has sufficiently pleaded the elements of common law fraud with the required degree of particularity. Accordingly, Count 5 survives.

### 4. Economic Loss Doctrine

Additionally, iSleep defendants challenge the tort claims as barred by the economic loss doctrine. (iSleep defendants' Br. in Support of MTD 15.)

Generally, the economic loss doctrine bars recovery in tort for economic losses arising from a contract. *Arcand v. Brother Int'l Corp.*, 673 F. Supp. 2d 282, 308 (D.N.J. 2009) (Wolfson, J.) (citing *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 310 (2002)). To determine whether tort and contract claims may proceed concurrently,

courts consider "whether the tortious conduct is extrinsic to the contract between the parties." *Id*. Courts have found the doctrine does not apply where the alleged misrepresentation occurs prior to the contractual agreement. *RNC Sys., Inc. v. Modern Tech. Grp., Inc.*, 861 F. Supp. 2d 436, 451 (D.N.J. 2012) (Simandle, J.) ("Fraud claims can proceed alongside breach of contract claims where there exists fraud in the inducement of a contract or an analogous situation based on pre-contractual misrepresentations.") (internal quotation marks omitted). *See also Metex Mfg. Corp. v. Manson*, No. 05-2948, 2008 WL 877870, at *4 (D.N.J. Mar. 28, 2008) ("New Jersey law permits a tort claim to proceed with a breach of contract claim when the tort claim involves fraudulent inducement on the theory that such a claim is extraneous to the performance of the related contract.").

At Home pleads that iSleep represented that it would legally and competently submit claims for reimbursement to Horizon. According to the complaint, this representation was fraudulent, occurred prior to the parties' contractual agreement, and induced At Home to contract with iSleep. Further, At Home asserts that its catastrophic losses were the result of iSleep's fraudulent claim submission scheme, orchestrated and executed by defendants. Taken as true, these allegations of tortious conduct are extrinsic to an insurance billing service contract.

At this stage of the litigation, the Court is satisfied that At Home's tort claims, premised on allegations of pre-contractual misrepresentations of fact by iSleep, may be maintained alongside the contract claims.

**B. Contract Claims**

Counts 6 through 8 are contract claims solely against iSleep.

**1. Count 6 – Breach of Contract**

At Home alleges that iSleep breached "by failing to act in conformity with the laws and regulations of the State of New Jersey and the requirements of Horizon," and failing to submit proper legal documentation to Horizon to support At Home's patient claims. (Am. Compl. ¶ 58.) To sufficiently plead a breach of contract claim under New Jersey law, a plaintiff must allege three elements: "(1) the existence of a valid contract between the parties; (2) failure of the defendant to perform its obligations under the contract; and (3) a causal relationship between the breach and the plaintiff's alleged damages." *Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013).

iSleep argues for dismissal of this claim because (1) nonparties to a contract are not liable for its breach and LLC members are nonparties; and (2) the contract expressly relieves iSleep from liability for errors and omissions relating to its billing services. (iSleep defendants' Br. in Support of MTD 26.)

It appears that the first argument does not apply to the amended complaint and was erroneously carried over from previous briefing. The amended complaint asserts count 6 against iSleep only, so the Court turns to iSleep's contention that the contract expressly immunizes iSleep from liability for errors and omissions relating to iSleep's billing services. (*Id.* at 28.)

Relying on the contract provision "[iSleep] shall not be liable for errors and/or omissions relating to the Billing Services provided by [iSleep]," iSleep argues that since "each and every allegation in Plaintiffs' Amended Complaint regards an alleged error or omission related to the billing services [] iSleep provided to At Home," the agreement bars the breach of contract claim. (*Id.*) Without getting into the weeds of contract interpretation, the Court easily finds that the provision cited protects iSleep from fallout due to ministerial errors, but certainly does not extend to the conduct alleged against it in the complaint.

## 2. Count 7 – Breach of Covenant of Good Faith and Fair Dealing

"The implied covenant of good faith and fair dealing exists in every contract under New Jersey Law." *Cargill Glob. Trading v. Applied Dev. Co.*, 706 F. Supp. 2d 563, 579 (D.N.J. 2010) (citing *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assoc.,* 182 N.J. 210, 224 (2005)). To establish breach of the implied covenant of good faith and fair dealing, New Jersey courts require that the plaintiff "plead facts that would show that [the] defendant[] acted in bad faith . . . 'with the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" *Cedar Holdings, LLC v. Menashe*, No. 16-7152, 2017 WL 1349321, at *3 (D.N.J. April 7, 2017) (Thompson, J.) (quoting *Wade v. Kessler Inst.*, 172 N.J. 327, 345 (2002)).

Count 7 incorporates the allegations included in paragraphs 1-59, which include the facts used to allege fraudulent misrepresentation. (Am. Comp. ¶¶ 60, 61.) These facts plausibly show that iSleep and its employees knowingly submitted

fraudulent, noncompliant patient claims to Horizon, which included prescriptions averring that Govindaraj examined and diagnosed the patients with sleep apnea when he allegedly never even saw them. Such allegations amply satisfy the "bad faith" requirement of At Home's breach of the implied covenant of good faith and fair dealing claim. Accordingly, Count 7 survives.

3. **Count 8 – Unjust Enrichment**

Defendants claim that New Jersey law bars recovery under a theory of unjust enrichment "where an express contract covers the same subject matter asserted as the basis of [the] . . . unjust enrichment claim . . . ." (iSleep defendants' Br. in Support of MTD 28 (citing *Shapiro v. Solomon*, 42 N.J. Super. 377, 385 (App. Div. 1956).) Defendants conclude that because "breach of an express contract is the basis for all of [At Home's] claims, and an express agreement exists, [count 8] must be dismissed." (*Id.* at 29.) This characterization of At Home's claims is inaccurate.

Stressed throughout At Home's pleading and briefing, "this case is not simply a breach of contract case, as the facts also support a claim for fraudulent misrepresentation . . . ." (D.E. 43, Opp. Br. 12.) In paragraph 65 of the amended complaint, At Home alleges that iSleep "intentionally misrepresented . . . the services they stated were performed," "never performed these services," and prepared "erroneous, false, and fraudulent" documentation. (Am. Compl. ¶ 65.) Such conduct sounds in tort. At this early stage it would be premature to dismiss Count 8, especially when relevant discovery will be about the same facts underlying the other counts being preserved in this opinion.

## V.    Conclusion

For the reasons indicated above, the Court finds that At Home has

sufficiently pled all eight counts in its amended complaint.  An appropriate order

will follow.


/s/ Katharine S. Hayden

Katharine S. Hayden, U.S.D.J

Date: November 27, 2018