<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AT HOME SLEEP SOLUTIONS, LLC and MICHAEL DOBLIN, DDS, | |
| *Plaintiffs*, | Civ. No. 17-4801 (KSH) (CLW) |
| v. | |
| iSLEEP MANAGEMENT, LLC d/b/a iSLEEP PROGRAM, DIMITRY KARGMAN, DR. ABE BUSHANSKY, DR. CHITOOR GOVINDARAJ, DOES #1-5, | **OPINION** |
| *Defendants*. | |

<u>**Katharine S. Hayden, U.S.D.J.**</u>

**I. Introduction**

Defendants iSleep Management, LLC, Dimitry Kargman, and Dr. Abe Bushansky ("Moving Defendants") have moved (D.E. 76) under Fed. R. Civ. P. 11 for sanctions against plaintiffs At Home Sleep Solutions, LLC and Michael Doblin, DDS and their attorneys based on testimony Doblin gave at his deposition.[1] Moving Defendants seek dismissal of the action against them and an award of attorneys' fees and costs. The motion will be denied.

**II. Background**

Doblin, a licensed dentist, owns At Home, which, according to the amended complaint, "provides services to persons suffering from [o]bstructive [s]leep [a]pnea." (D.E. 27, Am. Compl. ¶¶ 2, 7.) iSleep provides billing services to medical providers; Kargman is its president and Bushansky is described as both a dental biller for the company and its chief operating

---

[1] Defendant Dr. Chitoor Govindaraj has not joined this motion.

1

officer.  (*Id.* ¶¶ 4-5, 9.)  Plaintiffs allege that based on representations defendants made about their expertise in plaintiffs' area of practice, they signed an agreement whereby iSleep would "perform all steps for submitting claims and billing associated with the submission by Plaintiff to Horizon Blue Cross Blue Shield of New Jersey . . . of Horizon patient claims to diagnose and treat sleep apnea."  (*Id.* ¶ 10.)  Around the end of 2016, iSleep informed At Home that the protocol for claims processing would be changing and that for each claim, At Home would have to provide iSleep with documentation for each patient, including medical history, prescriptions for sleep studies, and medical necessity letters.  (*Id.* ¶ 13.)

Shortly thereafter, Horizon initiated an investigation and audit of At Home's records and concluded that the documentation prepared by iSleep was "erroneous, false and fraudulent."  (*Id.* ¶ 14.)  According to the amended complaint, the claim submissions represented that the patients had been given examinations, diagnoses, and prescriptions for the oral sleep apnea device by Govindaraj, who had, in fact, never examined At Home's patients.  (*Id.* ¶¶ 18-20, 44-45.)  At Home alleges it was required to disgorge amounts Horizon had paid to it on the claims, was assessed penalties, and had its status as a provider suspended.  (*Id.* ¶¶ 16-17.)

 In May 2017, plaintiffs filed suit in Bergen County Superior Court; the action was later removed to this Court.  (D.E. 1.)  After defendants moved to dismiss, plaintiffs filed their amended complaint (D.E. 27), which asserts claims for fraudulent and negligent misrepresentation, fraud in the inducement, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment.  The Court denied defendants' motions to dismiss the amended complaint in November 2018.  (D.E. 58, 59.)

Moving Defendants now seek dismissal, as well as attorneys' fees and costs, as a sanction for plaintiffs' alleged violation of Rule 11.  They allege that it was not them, but rather plaintiffs,

who "broke the laws" governing the circumstances under which a dentist can sell a sleep apnea device to a patient, and that deposition testimony of Doblin proves that certain allegations in the amended complaint are false and plaintiffs knew it at the time they filed it. (*See* D.E. 76-1, Moving Br.; D.E. 81, Reply Br.) Plaintiffs counter that Moving Defendants have cherry-picked and mischaracterized language from the deposition to support their motion, which is premature because it was made in the midst of ongoing discovery. (D.E. 80, Opp. Br.)

### III. Legal Standard

Rule 11 provides, in relevant part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>    (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>    . . .
>
>    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b). If the Court determines that Rule 11(b) has been violated, it "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation," and may award reasonable expenses, including attorneys' fees, to the prevailing party. Fed. R. Civ. P. 11(c)(1)-(2).

In reviewing a Rule 11 motion, the district court assesses whether the conduct was "objectively reasonable under the circumstances." *Ario v. Underwriting Members of Syndicate 53 at Lloyds*, 618 F.3d 277, 297 (3d Cir. 2010) (citation omitted). *See also Ford Motor Co. v. Summit Motor Prods.*, 930 F.2d 277, 289 (3d Cir. 1991) (defining reasonableness as "'an

3

objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact" (citation omitted)). Rule 11 "imposes an obligation on counsel and client . . . to . . . '[s]top, [t]hink, [i]nvestigate, and [r]esearch' before filing papers either to initiate a suit or to conduct the litigation." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987).

Sanctions are warranted only "in the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous." *Ario*, 618 F.3d at 297 (quoting *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)); *accord Moeck v. Pleasant Valley Sch. Dist.*, 844 F.3d 387, 391 (3d Cir. 2016). The goal is not wholesale fee shifting, but rather the "'correction of litigation abuse,'" *Doering*, 857 F.2d at 194 (citation omitted), and the standard is an intentionally stringent one, *Moeck*, 844 F.3d at 391 n.7. Whether to impose sanctions is a discretionary determination, and dismissal "is a sanction of last resort." *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 263 (3d Cir. 2011).

## IV. Discussion

The record before the Court does not warrant the imposition of sanctions. The testimony to which Moving Defendants cite may ultimately support a finding against plaintiffs on the merits of their claims (an issue that is not presently before the Court), but it does not show that those claims were "patently unmeritorious or frivolous," or indicative of litigation abuse. *See Ford Motor Co.*, 930 F.2d at 289 (district court properly denied Rule 11 motion even though summary judgment had been granted against party). To the contrary, considered in the fuller context of the deposition transcript,[2] the challenged statements are largely consistent with the

---

[2] Neither side has supplied a complete copy of the transcript. The Court has reviewed the excerpts attached to the motion, as well as the more comprehensive copy included with plaintiffs' opposition.

4

complaint allegations or are immaterially different. *See Moeck*, 844 F.3d at 391 & n.8 (despite existence of "[s]ome discrepancies," Rule 11 motion was properly denied).

      For example, Moving Defendants contend that Doblin admitted that he always knew that plaintiffs, not Moving Defendants, were obligated to examine patients and prepare certain medical documentation. (Moving Br. 5.) The testimony they cite, however, does not so indicate, and testimony elsewhere in the transcript contradicts that position. (*See* Doblin Tr. 76:5-10.) Doblin also testified, consistent with the complaint allegations, that he did *not* know he was required to take certain steps, and that he expected Moving Defendants to ask him for anything they needed to prepare compliant claims. (*See, e.g.*, Doblin Tr. 117:3-20; *see also id.* at 63:22-64:6.) Similarly, although Doblin testified that he did not expect Bushansky to advise him on the law's requirements for proper claim submission, he also said that he did expect Bushansky to ask him for anything that was needed to accomplish that result. (Doblin Tr. 112:22-113:6.) And although Doblin testified that Moving Defendants did not use the word "expert" in their efforts to solicit his business and or present at the courses he took, he cited conversations between the parties at those courses. (*Id.* at 111:1-112:7.)[3]

      Moving Defendants have also pointed to Doblin's concession that he did not expect them to provide medical care. The scope of the services plaintiffs expected defendants to provide is a contested issue in this case. The Court declines to conclude that the discrepancies Moving Defendants identify between the complaint and Doblin's testimony on this issue are so irreconcilable as to compel a conclusion that the complaint allegations were objectively unreasonable or knowingly false when made, or that, as Moving Defendants have contended,

---

[3] Plaintiffs' brief also relies testimony about iSleep's sponsorship of the courses, but the transcript pages it cites in support have not been provided to the Court. (Opp. Br. 12.)

plaintiffs brought their claims for an improper purpose, such as to divert attention from their own compliance failures or from alleged breaches of the contract between At Home and iSleep that Moving Defendants have asserted in their brief.[4]

Additionally, plaintiffs have argued that discovery is not yet complete. Although that is not dispositive, plaintiffs have also represented that the testimony of the officer manager, to whom Doblin repeatedly deferred on key issues during his deposition, is "essential" to their claims. (Opp. Br. 8.) Under the circumstances, the Court will not grant Moving Defendants' request for what would amount to a premature summary judgment ruling in the guise of a sanctions motion.

## V. Conclusion

For the reasons indicated above, the motion for sanctions is denied. An appropriate order will follow.

Date: September 23, 2020

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

---

[4] No counterclaims have been asserted in this action.