UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**CHAMBERS OF**
**CATHY L. WALDOR**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
ROOM 4040
NEWARK, NJ 07101
973-776-7862

## LETTER ORDER

February 3, 2023

*All counsel of record via ECF*

Re:   At Home Sleep Solutions, LLC, et al. v. iSleep Management, et al.
      Civil Action No. 2:17-4801 (KSH) (CLW)

Counsel:

This comes before the Court, *sua sponte*, concerning the application of the factors discussed in *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977), and its progeny in connection with the Court's decision to strike Plaintiffs' expert reports and require Plaintiffs to proceed without expert testimony.

The Court's September 14, 2021 and August 18, 2022 Orders included comprehensive accounts of the relevant procedural history then-to-date, (Sept. 15, 2021 Order at 1-4, ECF No. 120; Aug. 18, 2022 Letter Order at 1-4, ECF No. 146), and the Court incorporates those discussions herein by reference for the sake of efficiency.  In the latter Order, the Court denied Plaintiffs' motion for reconsideration of the Court's January 11, 2022 decision to strike Plaintiffs' expert reports.  (*Generally* Aug. 18, 2022 Letter Order, ECF No. 146).  Since that time, Plaintiffs have made several additional applications asking that the Court revisit the expert report issue.

By letter dated September 9, 2022, Plaintiffs requested leave to file a motion to modify the August 18, 2022 Order.  (Pl. Sep. 9, 2022 Letter, ECF No. 149).  The Court denied that request by

Letter Order dated September 14, 2022, explaining the rationale for its decision. (Sep. 14, 2022 Order, ECF No. 151). By letter dated October 10, 2022, Plaintiffs advised of their intention to appeal this Court's rulings regarding their expert reports and, once again, asked the Court to modify those decisions. (Generally, Oct. 10, 2022 Letter, ECF No. 155). The Court denied that request by Order dated October 13, 2022. (Oct. 13, 2022 Order, ECF No. 156) ("The Court has considered Plaintiffs' letter dated 10/11/22. (ECF No. 155). Plaintiffs seek relief substantially identical to that described in their letter dated 9/9/22, (ECF No. 149), which this Court denied by Order dated 9/14/22. (ECF No. 151). The Court will therefore deny Plaintiffs' current request for the reasons articulated in that prior Order.") (citations in original). By letter dated November 1, 2022, Plaintiffs sought leave to file an interlocutory appeal of the undersigned's discovery rulings directly to the United States Court of Appeals to the Third Circuit. (ECF No. 157). Defendants opposed Plaintiffs' request on multiple grounds. (Def. November 2, 2022 Letter, ECF No. 158). The Court notes that Plaintiffs never appealed any of this Court's decisions to the District Judge presiding over this matter, and the time to do so has long since passed. *See* L. Civ. R. 72.1(c)(1)(A) (appeals from a Magistrate Judge's non-dispositive ruling due within 14 days of the court's decision).

In addition to filing correspondence on the docket, Plaintiff's counsel also periodically submitted letters by e-mail to provide the Court with details regarding his personal health situation. (*E.g.*, Pl. June 27, 2022 Letter). Counsel submitted that information off-docket, as he sought to keep his health information confidential. The Court will honor that request herein and describe the situation in general terms. It suffices to say that, as the Court's decision to strike Plaintiffs' expert reports was based on their conduct in discovery and when preparing those reports, and the record had been silent on whether Plaintiffs' counsel's medical situation caused or exacerbated

that conduct, the Court found it appropriate to further investigate the topic in the interest of justice. By Order dated November 2, 2022, the Court directed the parties to "submit letters addressing the Court's decision to strike Plaintiffs' expert reports in light of the factors set forth in [Pennypack] and its progeny. Those letters must address EACH of the relevant *Pennypack* factors."[1]  The parties filed submissions in response to that Order, (ECF Nos. 160-62), and the Court conducted a Zoom conference on January 18, 2023.  During that conference, the Court inquired about Plaintiffs' counsel's health and counsel advised, in sum and substance, that his health issues have neither caused nor contributed to the conduct underlying the Court's decisions to strike Plaintiffs' expert reports.

## II.   **LEGAL DISCUSSION**

The sole issue before the Court is whether, considering all available information, the factors that the United States Court of Appeals for the Third Circuit articulated in *Pennypack* require the Court to revisit its decision to strike Plaintiffs' expert reports and require them to proceed without an expert.  The Court finds that they do not.

In *Pennypack*, the Third Circuit "set forth five factors that should be considered in deciding whether a district court's exclusion of evidence as a discovery sanction constitutes an abuse of discretion." *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 298 (3d Cir. 2012) (citing *Pennypack*, 559 F.2d at 905).  Those factors are "(1) 'the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified' or the excluded evidence would have been offered; (2) 'the ability of that party to cure the prejudice'; (3) the extent to which allowing such witnesses or evidence would 'disrupt the orderly and efficient trial of the case or of other cases in the court';

---

[1] On November 4, 2022, Plaintiffs' counsel submitted another letter to chambers via e-mail.  That letter, which appears to have been submitted *ex parte*, provided additional information regarding counsel's health.

(4) any 'bad faith or willfulness in failing to comply with the court's order'; and (5) the importance of the excluded evidence." *Id.* at 904-05. The Third Circuit further observed that "[t]he importance of the evidence is often the most significant factor." *Id.*

Here, of course, the Court has not excluded any "evidence" at all, and has instead required Plaintiffs to proceed without an expert report as a sanction for their failure to produce relevant discovery. The Court has nonetheless considered the *Pennypack* factors in an abundance of caution. While it has not directly invoked *Pennypack* in its previous analyses, the Court has nevertheless already covered most of the relevant factors. In its September 15, 2021 Letter Order, the Court wrote, in pertinent part:

> The Court will therefore strike both versions of Plaintiffs' expert report – both the initial version served on or about June 4, 2021 and the revised edition served via e-mail on or about July 28, 2021. The Court does so pursuant to Federal Rule of Civil Procedure 37 as a sanction for Plaintiffs' failure to produce the supporting documents during the fact discovery period. *See Allstate Life Ins. Co. v. Stillwell*, No. 15-8251 (AET), 2020 U.S. Dist. LEXIS 28780, at *12-24 (D.N.J. Feb. 20, 2020). In reaching this determination, the Court finds that: (1) Plaintiffs' failure to timely produce the information cited in their expert's report has prejudiced Defendants' ability to effectively investigate Plaintiffs' claims; (2) the only cure for that prejudice (i.e., substantial additional discovery with cost-shifting to Plaintiffs or their counsel) would be unworkable; (3) and in any event, would significantly disrupt these proceedings; and (4) Plaintiffs created this situation by failing to comply with their discovery obligations. *Id.* at **17-24.

(Sep. 15, 2021 Order at 5-6, ECF No. 120) (citations in original). Plaintiffs have never meaningfully challenged those findings, and the relevant developments in the record support the Court's prior decision. First, the revelation that Plaintiffs' counsel's medical situation had no bearing on the problematic behavior has eased the Court's most significant concern. Second, Plaintiffs' counsel has argued throughout this process that he could not have produced the documents in question because he did not have them or know which materials might be relevant

4

to his clients' expert's analysis. While this Court has long noted Plaintiffs' inability to sufficiently explain their failure to produce the documents underlying their expert's report during the fact discovery period, (*see* January 11, 2022 Letter Order at 2-3, ECF No. 136), that question remained unanswered until the January 18, 2023 Zoom conference, when Plaintiffs' counsel advised that his clients worked directly with the expert, to his exclusion, and provided the expert with the materials in question. Thus, Plaintiffs themselves have had at least some role in creating this situation. They obviously had a concept of their discovery obligations, having worked with their attorney in that sense. They also had access to the materials in question and, apparently, at least some understanding of their significance in this case. It remains unclear why they provided these relevant documents to their expert, but not their attorney.

Turning to the final *Pennypack* factor – the importance of the information in question – the Court acknowledges Plaintiffs' argument that expert testimony is crucial to support their claims. That argument cuts both ways, however. If this subject matter is so critical to Plaintiffs' case that their claims cannot survive without corresponding expert testimony, it is all the more inexplicable that Plaintiffs did not produce the underlying documentation either in their Rule 26 disclosures, in response to Defendants' discovery requests, or as a supplemental production during the fact discovery period. On balance, the Court finds that an application of the *Pennypack* factors supports its prior rulings in this matter.

In conclusion, the Court has carefully considered its Rule 37 sanction in this case in light of the *Pennypack* factors, and finds no basis to alter its previous rulings. The parties must now focus their efforts on preparing this case for resolution. The Court will conduct a final pretrial conference, via Zoom, on **March 20, 2023 at 10:30 a.m.** The Court will provide counsel of record with connection information in advance. The Court expects to engage in meaningful settlement

discussions at the Final Pretrial Conference.  Therefore, trial counsel, clients, and/or other persons with full settlement authority must attend.  The parties shall submit their joint proposed final pretrial order for the Court's consideration **on or before March 15, 2023**.

                                        **SO ORDERED.**

                                        s/Cathy L. Waldor
                                        **Hon. Cathy L. Waldor**
                                        **United States Magistrate Judge**

cc:      Hon. Katharine S. Hayden, U.S.D.J.